Lincoln Materials Company, Incorporated, complainant,

*v.*

Goodwin Construction Company, defendant; Samuel Werbel, appellant; Walter K. Sherwood, receiver, respondent.

[Submitted October term, 1929. Decided May 19th, 1930.]

*Mr. Irwin R. Heller,* for the appellant.

*Mr. Joseph Steiner* and *Mr. Saul Tischler,* for the respondent.

The opinion of the court was delivered by

Campbell, J.

This matter arises out of the administration of the affairs of an insolvent corporation, Goodwin Construction Company, engaged in the construction of an apartment house on Walnut street in East Orange.

Appellant, Werbel, is the holder of a construction mortgage for $60,000 subject to a building and loan mortgage of $12,000 and prior to a mortgage of the Newark Holding Company for $15,000.

Beyond any question of doubt $4,000 of this mortgage of appellant represented a bonus paid him for making the loan.

The receiver, therefore, allowed the appellant's mortgage as a preferred claim to the extent of $56,000 for principal, and interest thereon to the date when the mortgagor was decreed to be insolvent, postponing the payment of the remaining $4,000 (the item of bonus) as a general claim and also postponing to the same rank $658.67 paid by appellant, Werbel, as mortgagee, for premiums on policies of fire insurance covering the mortgaged premises.

It is urged that this adjudication is erroneous because the full amount of appellant's mortgage was entitled to be paid as a preferred claim, as was likewise the amount paid for insurance premiums and that interest should have been allowed to the date of payment of the claim or at least until such date as the money from the sale of the lands was paid to the receiver.

We have concluded that these grounds are not substantial. As before stated there can, from the proofs before the receiver, be no reasonable ground for holding otherwise than that $4,000 of the mortgage in question represented a bonus, and was not money advanced under the mortgage for the purpose of paying the cost of constructing the building. Such amount, therefore, was clearly not entitled to preference in payment.

Likewise the payment of insurance premiums in the sum of $658.67 was not entitled to payment as a preferred claim because such payment was not moneys advanced and used in the erection of the building so as to give the mortgage of appellant a preference over other liens under the Mechanics' Lien act. *13 Comp. Stat. pp. 3302, 3303 §§ 14, 15.*

Finally we conclude that the allowance of interest upon appellant's claim only to the time of adjudication of insolvency was not erroneous or inequitable because the acts of

294

appellant through the payment and acceptance of the bonus of $4,000 threw suspicion upon the *bona fides* of his claim and directly caused or, at least, contributed to the delay in the administration and settlement of the estate.

The decree below is, therefore, affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, DEAR, WELLS, JJ. 12.

*For reversal*—KAYS, HETFIELD, JJ. 2.